WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—April, 1884.

MATTER OF MOODY.*

*In the matter of the estate of* HORACE J. MOODY, *deceased.*

Code Civ. Pro., §§ 2537 and 2746 and 2 R. S., 91, §§ 47–51, must be read together, in order to determine to whom is to be paid the distributive share, in an intestate's estate, of an infant for whom no general guardian has been appointed. The effect of these provisions is to authorize the Surrogate to direct such a share, which has been deposited with a county treasurer, to be paid to a general guardian, etc., who has given satisfactory security for the faithful execution of his trust.

Where the general guardian of an infant applies to the Surrogate's court, in a county other than that of his appointment, for an order directing the payment to him of a distributive share belonging to his ward, he should furnish to that court a certified copy of his original petition and of his official bond, in order to satisfy the court as to the character of the security which he has furnished. A mere allegation that the petitioner has given the bond required by law is insufficient.

IN December, 1883, a decree on the judicial settlement of the account of the administratrix of decedent's estate was made and entered, by which, among other things, it was directed that the distributive share of Louise Moody, a minor having no general guardian, amounting to $5,413.15, should be paid to the county treasurer of Westchester county, to the credit of this proceeding, to be invested pursuant to the provisions of the statute. A petition is now presented by John J. Lancaster, showing that on the 4th day of April, 1884, he was duly appointed, by the Surrogate of New York,

* Compare Rieck v. Fish, *1 Dem., 75.*

the guardian of the estate of said minor; and praying that an order be made directing the county treasurer to pay over said sum to him.

Robert L. Harrison, *for petitioner.*

The Surrogate.—Under our former statutes (*3 R. S., 5th ed., 185,* § *87; id., 177,* §§ *52–56,*) where there was no general guardian at the time of the accounting and decree, the Surrogate was obliged to direct the investment of the fund, and see to its final disposal as therein directed. He was clothed with no power, after making the decree as provided, to order it paid to a guardian subsequently appointed. The above section 87 has been superseded by § 2746 of the Code, but §§ 52–56 of the R. S. are unrepealed, and are still in force, and have to be read in connection with above § 2746, in order that we may know how to dispose of a distributive share where there is no general guardian. Hence, if there be no guardian, the distributive share, under § 53 should, if there were no other and more recent enactment, be invested under the order of the Surrogate. But by § 2537 of the Code, the share must be paid to the county treasurer, to be invested by him. If this were all, it would have to be kept invested by the latter, as it was formerly done under the Surrogate's direction. But again, the last mentioned section makes §§ 744 and 747 applicable to a case of this kind, the latter of which authorizes the Surrogate, at any time, to direct the money to be paid to a guardian, if he has given security satisfactory to the court for the faithful execution of his trust.

I have nothing before me to show what security has

been given. The petition merely alleges that the petitioner has given the bond required by law. The amount of the penalty will depend upon the amount of the minor's estate, as stated in the petition to the Surrogate of New York, on the application made for his appointment, and as to which this court is uninformed. A certified copy of such petition and of the bond will furnish the needed information, on which this court may judge as to the sufficiency of the security given by the petitioner. If it shall be found satisfactory, the order sought will be made.